UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMA STRONG,<br><br>         Plaintiff,<br><br>    v.<br><br>BILL BROWN, et al.,<br><br>         Defendants. | Case No.: 1:24-cv-01447-SKO<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF MARCH 21, 2025**<br><br>(Doc. 32) |

Plaintiff Arma Strong is appearing pro se and *in forma pauperis* in this civil rights action.

### I.    BACKGROUND

Plaintiff filed this action in the United States District Court for the District of South Carolina, case number 8:24-cv-04935-RMG, on September 9, 2024. (Doc. 1.) On November 26, 2024, the South Carolina district court transferred the action to this Court. (Doc. 22.) That same date, this Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case (Doc. 25), and Order Granting Application to Proceed In Forma Pauperis/Order Directing Payment of Inmate Filing Fee by USP Atwater (Doc. 27).

On March 21, 2025, Plaintiff filed an untitled document, docketed by the Clerk of the Court as a Request for Status. (Doc. 32.)

//

//

**II.     DISCUSSION**

In his March 21, 2025, filing, Plaintiff states he is "writing this due to the fact that [he has taken] every step [he was supposed] to take due to the fact [he was] stabbed 9 times at Atwater USP." (Doc. 32.) Although unclear, it appears Plaintiff is encountering delays in "getting mail" and states his "being stabbed is nothing to the people that is over the BOP." (*Id*. at 1.) Plaintiff states: "This BP that was sent back to me on feb and Im just getting it on 3/13/25. It seems to me that my life and care is no worries to the people over the BOP." (*Id*.) Plaintiff asks that "someone anyone please help" so that he can "make it home safety" to his "family and 9 kids please and thank you." (*Id*.) Attached to the filing is a document dated February 4, 2025, titled "Administrative Remedy No. 1202419-A2, Part B – Response" (*id*. at 3) and a Federal Bureau of Prisons Central Office Administrative Remedy Appeal form, completed and signed by Plaintiff on December 2, 2024 (*id*. at 4). Both documents concern an assault on Plaintiff that occurred on April 28, 2024.

To the extent Plaintiff's filing can be understood to request a status of this action, Plaintiff is advised his complaint is subject to screening. This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff was advised of the screening requirement in this Court's November 26, 2024, Order. (*See* Doc. 25 at 3-4 ["III. SCREENING OF COMPLAINTS"].) Plaintiff is further advised that this Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. At present, more than two dozen prisoner complaints and/or amended complaints await screening on the undersigned's docket. Delays, while unfortunate, are inevitable. Until the Court screens Plaintiff's complaint, no further action will be taken. Plaintiff is encouraged to review this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case for additional information concerning litigating this action. Plaintiff's complaint will be screened in due course.

To the extent Plaintiff seeks a release from custody,[1] Plaintiff is advised that a habeas action is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)) "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus … and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). Stated another way, Plaintiff may not seek a release from custody in this civil rights action.[2] Plaintiff must seek a release from custody by filing a petition for writ of habeas corpus.

Finally, to the extent Plaintiff complains of a delay in processing his mail, Plaintiff is advised such claims are unrelated to the claims asserted in his complaint. *See* Fed. R. Civ. P. 20(a)(2)(A) ("Persons … may be jointed in one action as defendant if: (A) any right to relief is asserted against them … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences").

In sum, Plaintiff's complaint has not yet been screened. No further action will be taken on Plaintiff's claims until the Court has an opportunity to screen Plaintiff's complaint as required by 28 U.S.C. section 1915A(a), and any unrelated claims must be brought in a new action.

//

//

//

---

[1] *See* Doc. 1-3 at 3 ("I feel like I need money for pain and suffering. And also to be freed to be safely home with my kids and family") & 4 ("I want relief from my time as well I would love to go home"); *see also* Doc. 32 at 1 ("May someone anyone please help me to make it home safely to my family and 9 kids").

[2] A brief review of Plaintiff's complaint reveals that Plaintiff seeks both monetary damages and a release from custody following the events occurring April 28, 2024, at USP-Atwater, where Plaintiff was stabbed by other inmates.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. Plaintiff's request for status (Doc. 32) filed March 21, 2025, is resolved;
2. The Clerk of the Court is **DIRECTED** to provide Plaintiff with a courtesy copy of the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, originally issued November 26, 2024 (Doc. 25), as a one-time courtesy; and
3. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **March 24, 2025**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

4