UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMA STRONG,<br><br>        Plaintiff,<br><br>    v.<br><br>BILL BROWN, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-01447-SKO<br><br>**ORDER DIRECTING CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS AND TO RE-SERVE ORDER ISSUED MARCH 25, 2025, TO THE NEW ADDRESS** |

Plaintiff Arma Strong is appearing pro se and *in forma pauperis* in this civil rights action.

## I.    RELEVANT BACKGROUND

On March 21, 2025, Plaintiff filed an untitled document, docketed by the Clerk of the Court as a Request for Status. (Doc. 32.) On March 25, 2025, the Court issued its Order Regarding Plaintiff's Filing of March 21, 2025. (Doc. 34.) The order was served on Plaintiff that same date.

On April 16, 2025, the United States Postal Service (USPS) returned the order to the Court marked "Undeliverable," "RTS," and "Unable to Forward."

## II.    DISCUSSION

Following the return of the Court's March 25, 2025, order as undeliverable to Plaintiff, the Court allowed time for Plaintiff to submit a notice of change of address. As Plaintiff was advised in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued November

26, 2024, pro se plaintiffs "must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received." (Doc. 25 at 5.) Thus far, Plaintiff has failed to file a change of address form.

When the Court issued its First Informational Order in November 2024, Local Rule 183(b) provided that if a notice of change of address was not submitted within 63 days of mail being returned by the USPS, an action could be dismissed without prejudice for a failure to prosecute. On January 1, 2025, Rule 183(b) was amended, and an action may now be dismissed without prejudice if a notice of change of address is not filed within 30 days.

Plaintiff's current address on record with the Court is: "Arma Strong, 08978-510, Atwater U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 019001, Atwater, CA 95301-0910." Out of an abundance of caution, the Court consulted the Bureau of Prisons (BOP) inmate locator tool and learned that Plaintiff is presently housed at the United States Penitentiary in Victorville, California.[1] The Court will direct the Clerk of the Court to update Plaintiff's address to reflect his incarceration at the federal penitentiary in Victorville and to re-serve the Court's earlier order.

Plaintiff is cautioned that in the event of any additional move or transfer from the federal penitentiary in Victorville to any other prison facility, it is Plaintiff's obligation to file a notice of change of address. *See* Local Rule 182(f). It is not the Court's duty to search for and obtain Plaintiff's current address. The Court did so on this occasion as a one-time courtesy.

In the event any future mail directed to Plaintiff by the Court is returned by the USPS marked undeliverable, Plaintiff will have 30 days from the date the mail is returned to the Court to file a notice of change of address. Any failure to do so will result in a recommendation that this action be dismissed, without prejudice, for a failure to prosecute.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results, last accessed 5/27/2025.

1. The Clerk of the Court is **DIRECTED** to update Plaintiff's address to reflect his current incarceration at the United States Penitentiary in Victorville, California; and
2. The Clerk shall **RE-SERVE** this Court's March 25, 2025 (Doc. 34), including the courtesy copy of the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (Doc. 25) referenced therein.

IT IS SO ORDERED.

Dated:   **May 27, 2025**                       /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE